Per Curiam.
—The time during which the plaintiff was in the service of the defendants establishes, as a matter of fact, that his services had been performed to the satisfaction of the defendants, and that so long as those services were rendered in that manner they were obligated to retain him in their employment to perform their agreement. They could not, after having become satisfied with the manner in which he discharged his duties, capriciously dis *1002 ■charge him without any change having taken place in the rendition of his services. The evidence fails to disclose any fact or circumstance on which the defendants had the right to become dissatisfied with the performance of the duties of the plaintiff; and under the authorities no event had arisen upon which they could discharge him from their service.
The cases relied upon in their behalf to sustain their discharge arose upon agreements differently expressed from that made by them. They furnish no authority, nor does the principle on which they proceed, for discharging the plaintiff under the circumstances. The discharge was wrongful, and by making it they became liable to compensate the plaintiff for the loss sustained by him in consequence thereof.
■ It was not proved upon the trial that he could obtain any other employment for which he might have derived compensation beyond the commissions which it is to be presumed were allowed in the computation resulting in the verdict. It does not distinctly appear how this computation was made; neither is it shown that it is in any respect defective or erroneous. The result consequently is that the verdict was properly directed, as the defendants in no manner drew the accuracy of the computation in question upon the trial, nor did they request the question of the extent of the right of the plaintiff to be submitted to the jury; but with the counsel for the plaintiff treated the case as one to be ■disposed of under the legal principles applicable to it. The judgment should be affirmed.